## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0025** (Harrison County 11-F-111)

**Michael K. Lanham,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Greta Davis, arises from the Circuit Court of Harrison County, wherein he was sentenced to consecutive terms of thirty years of incarceration and one to five years of incarceration following his conviction, by jury, of first degree robbery and conspiracy to commit first degree robbery. That order was entered on December 14, 2011. The State, by counsel Laura Young, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a robbery at Dry Cleaning World in Bridgeport, West Virginia, petitioner was indicted on one count of first degree robbery and one count of conspiracy to commit first degree robbery. Prior to trial, petitioner's counsel sought to suppress the photographic array used to identify petitioner, though this motion was denied. After a two-day jury trial, petitioner was convicted of both counts and sentenced as outlined above.

On appeal, petitioner alleges that the circuit court erred in admitting a photographic array, and subsequent victim identifications, into evidence because the victim's descriptions of the perpetrators varied and because the array was tainted due to the nature of the photographs used in the array. Petitioner also alleges that the evidence at trial did not support the jury's verdict because the victim's testimony varied from her earlier statements and because petitioner presented three different alibi witnesses. In response, the State argues that the array in question was proper and that the police officer who obtained the identification complied with the requirements of West Virginia Code § 62-1E-2. Further, the State argues that petitioner is not arguing that the State failed to prove the essential elements of the crimes of which he was convicted, but is simply raising credibility issues that were appropriately addressed and weighed by the jury below.

1

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover,

> "[w]hen reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Lastly,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. Ladd*, 210 W.Va. 413, 557 S.E.2d 820 (2001). Upon our review, we find no error by the circuit court below. The circuit court did not err in admitting into evidence the photographic array or the subsequent identifications of the petitioner. The record shows that the victim's identification of petitioner was conducted in accordance with West Virginia Code § 62-1E-2 and that the array itself was not tainted. Lastly, the record shows that the jury was presented with sufficient evidence upon which the jury could have returned guilty verdict, petitioner's credibility arguments notwithstanding.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II